IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

PEDRO ANCIRA,
          **Petitioner,**

-vs-

LORIE DAVIS,
          **Respondent.**

CAUSE NO.:
A-16-CA-00429-SS

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Pedro Ancira's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [#1], Respondent Lorie Davis's Answer [#11], the Report and Recommendation of United States Magistrate Judge Andrew W. Austin [#14], and Ancira's Objections [#27] thereto. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Ancira is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

**Background**

Petitioner Pedro Ancira (Ancira) is in state custody pursuant to a judgment and sentence of the 403rd Judicial District Court of Travis County, Texas. Ancira pled guilty to the murder of Chester Mumford, and on May 1, 2013, was sentenced to 25 years in prison pursuant to a plea agreement. Ancira did not directly appeal his conviction.

Ancira did, however, file two state applications for habeas corpus relief. The first was filed on August 4, 2015, and the second was filed on January 26, 2016. *See Ex parte Ancira*, Appl. No. 10,185-07; *Ex parte Ancira*, Appl. No. 10,185-08. The Texas Court of Criminal Appeals denied Ancira's first application without written order and dismissed his second application as successive. *See id.* The instant petition followed, in which Ancira claims:

1.    He received ineffective assistance of counsel; and

2.    His due process rights were violated, because

   (a) the district attorney, defense counsel, and the judge knew of the "parole ruling for mental illness";

   (b) Ancira was illegally detained by a "blue warrant that the parole officer knew nothing about"; and

   (c) there was judicial misconduct for failing to hold a competency hearing or investigate Ancira's mental history at trial.

**Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year limitation period for state inmates seeking federal habeas corpus relief. 28 U.S.C. § 2244(d). More specifically, § 2244(d)(1) provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitation period may be tolled if the petitioner properly filed a state application for habeas corpus relief. 28 U.S.C. § 2244(d)(2).

Ancira's conviction became final on May 31, 2013, the date of expiration of the thirty-day period during which Ancira could have filed a notice of appeal. *See* TEX. R. APP. P. 26.2(a); *see also Gonzalez v. Thaler*, 623 F.3d 222, 226 (5th Cir. 2010) ("[T]he one-year limitations period for a petitioner that does not appeal to the state court of last resort begins 'when the time for seeking further direct review in the state court expires.'" (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694–95 (5th Cir. 2003)).

Under Section 2244(d)(1), then, Ancira had until Monday, June 2, 2014, to file his federal application for habeas corpus relief. However, he did not file this application until March 31, 2016, nearly two years after AEDPA's one-year limitation period expired. Moreover, although Ancira filed state applications for habeas corpus relief, the limitation period was not tolled during their pendency, because they were filed after the limitation period had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding the petitioner's state

habeas application did not toll the limitation period because it was not filed until *after* the period of limitation expired).

The subsequent provisions of Section 2244(d)(1) do not alter the commencement date of the limitations period. The record does not reflect any unconstitutional state act impeded Ancira from filing for federal habeas relief before the limitation period expired, nor do the claims raised by Ancira concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See* 28 U.S.C. §§ 2244(d)(l)(B)–(C). In addition, Ancira has not shown he was unaware of the factual predicate of his claims at an earlier time. *Id.* § 2244(d)(l)(D).

Nevertheless, AEDPA's time bar may be tolled if extraordinary circumstances beyond a petitioner's control make it impossible to file a petition on time. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (noting equitable tolling of AEDPA's statute of limitations is only available "in rare and exceptional circumstances"). The Fifth Circuit has recognized that a petitioner's mental incompetency may support equitably tolling of AEDPA's statute of limitations. *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("Combined with forced confinement and medication, no access to legal materials, and the temporary loss of one's glasses, a pro se petitioner such as Fisher simply cannot pursue his legal rights during such a period."). It is the petitioner's burden of proof to demonstrate his mental incompetence constitutes an "extraordinary circumstance" warranting equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

In his objections to the Magistrate Judge's Report and Recommendation, Ancira argues he is entitled to equitable tolling of the statute of limitations, because his "mental incompen[cy] constitutes an "extraordinary circumstance" which justifies his failure to file his petition on time. Obj. [#27] at 3. In support of this argument, Ancira produced his medical records from Austin-Travis County MHMR from February 22, 2007 through April 18, 2012. The Court has reviewed these records, and agrees they demonstrate Ancira has suffered from mental illness in the past. However, he has not produced any medical records showing he was mentally incompetent from May 31, 2013, until June 2, 2014, the duration of the one-year statute of limitations. Moreover, to warrant equitable tolling of AEDPA's statutory period, a petitioner's mental incompetency must not only have existed during the relevant time period, but must have been an impediment to filing the petition in a timely manner. *See Fisher*, 174 F.3d at 715 (noting that "a brief period of incapacity during a one-year statute of limitations, even though rare, does not necessarily warrant equitable tolling"). Ancira has failed to provide any evidence which demonstrates his alleged mental incompetence during the relevant time period prevented him from filing his petition on time.

Moreover, Ancira did not challenge his competency to plead guilty to murder or withstand sentencing in May of 2013, and he was obviously competent to file two state applications for habeas corpus relief on August 4, 2015 and January 26, 2016. Although Ancira could have filed his habeas petition after his sentencing but before the limitations period expired on June 2, 2014, he failed to do so. Equitable tolling is not available to a petitioner who fails to diligently pursue his rights. *See Pace*, 544 U.S. at 418; *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("[E]quity is not intended for those who sleep on their rights."). In light of

the foregoing, the Court finds equitable tolling of AEDPA's statute of limitation is not warranted. Ancira's petition is therefore DISMISSED WITH PREJUDICE as time-barred.

### Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Ancira's § 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484)). Thus, a certificate of appealability shall not issue.

**Conclusion**

Accordingly,

IT IS ORDERED that Petitioner Pedro Ancira's Objections [#27] are OVERRULED;

IT IS FURTHER ORDERED that the Report and Recommendation of the United States Magistrate Judge Andrew W. Austin [#14] is ACCEPTED;

IT IS FURTHER ORDERED that Petitioner Pedro Ancira's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [#1] is DISMISSED WITH PREJUDICE as time-barred; and

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the _____ 9th _____ day of December 2016.

SAM SPARKS
UNITED STATES DISTRICT JUDGE

7